UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. EVANS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>K. SIEBEL, et al.,<br><br>　　　　Defendants. | Case No. 1:19-cv-00819-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* BE DENIED<br><br>(ECF No. 2)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Richard A. Evans is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on June 12, 2019. (ECF No. 1)

Currently before the Court is Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, filed on June 12, 2019. (ECF No. 2.) On June 14, 2019, the California Department of Corrections and Rehabilitation filed a certified prison trust account statement that reflects the activity in Plaintiff's trust account for the last six months. (ECF No. 6.)

**I.**

**LEGAL STANDARD**

The Prison Litigation Reform Act of 1995 (PLRA) was enacted "to curb frivolous prisoner complaints and appeals." Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir. 2011). 28 U.S.C.

1

§ 1915(g) provides that "In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Therefore, if a prisoner has incurred three or more "strikes" (*i.e.*, three or more cases that were dismissed on the grounds that the cases were frivolous, malicious, or failed to state a claim upon which relief may be granted) before filing a new civil action, the prisoner is precluded from proceeding *in forma pauperis* in the new civil action unless the complaint makes a plausible allegation that the prisoner faced "imminent danger of serious physical injury" at the time the complaint was filed. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007).

## II.

## DISCUSSION

Initially, the Court finds that Plaintiff has incurred three or more "strikes" under § 1915(g) prior to filing the instant civil action. The Court take judicial notice of the following cases[1]: (1) Evans v. Cal. Dep't of Corr. & Rehab., Case No. 2:17-cv-01891-JAM-KJN (E.D. Cal.) (dismissed on January 18, 2018 for failure to prosecute, following a screening order dismissing complaint for failure to state a claim); (2) Evans v. Cal. Dep't of Corr. & Rehab., Case No. 2:17-cv-01890-WBS-DB (E.D. Cal.) (dismissed on April 26, 2018 for failure to prosecute, following a screening order dismissing complaint for failure to state a claim); and (3) Evans v. Suisun Police Dep't, Case No. 2:17-cv-01889-KJM-CMK (E.D. Cal.) (dismissed on August 7, 2018 for failure to state a claim). See Harris v. Mangum, 863 F.3d 1133, 1142 (9th Cir. 2017) ("[W]hen we review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal rang the PLRA bells of frivolous, malicious, or failure to state a claim.") (citing El-Shaddai v. Zamora, 833 F.3d 1036, 1042 (9th Cir.

---

[1] The Court takes judicial notice of these cases pursuant to Federal Rule of Evidence 201(b)(2). See United States v. Black, 482 F.3d 1035, 1041 (9th Cir. 2007); Headwaters Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1051 n.3 (9th Cir. 2005); U.S. el rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992).

2

2016)) (internal quotations omitted).

Therefore, Plaintiff's motion to proceed *in forma pauperis* must be denied unless his complaint makes a plausible allegation that he faced "imminent danger of serious physical injury" at the time that he filed his complaint on June 12, 2019. Andrews, 493 F.3d at 1053-56. In his complaint, Plaintiff alleges that, since the California Department of Corrections and Rehabilitation has failed to investigate and review his case factors, his falsely charged, and falsely reported, crimes of child molestation make him a high-risk sex offender, which places his health and safety in jeopardy everyday of his incarceration. However, "[t]he mere status of being an incarcerated sex offender is not enough to meet the imminent danger exception of [Section] 1915." Ford v. Pierce, No. 2:17-cv-1928 DB P, 2018 WL 6809563, at *3 (E.D. Cal. Dec. 27, 2018). Further, while Plaintiff also alleges in his complaint that prison law library staff have failed to make copies of various documents and that prison officials have failed to comply with the terms under which Plaintiff withdrew his administrative appeal regarding job placement, these allegations do not establish that Plaintiff was in imminent danger of serious physical injury at the time he filed his complaint. Therefore, since Plaintiff has not satisfied the imminent danger exception to three-strikes rule of § 1915(g), Plaintiff's motion to proceed *in forma pauperis* must be denied. If Plaintiff wishes to proceed with this action, Plaintiff must pre-pay the $400.00 filing fee in full.

## III.

## ORDER AND RECOMMENDATIONS

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a Fresno District Judge to this action.

Further, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion to proceed *in forma pauperis*, (ECF No. 2), be DENIED, pursuant to 28 U.S.C. § 1915(g); and
2. Plaintiff be ordered to pay the $400.00 filing fee in full in order to proceed with this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days**

3

after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**June 17, 2019**__

UNITED STATES MAGISTRATE JUDGE