# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. EVANS,<br><br>    Plaintiff,<br><br>v.<br><br>K. SIEBEL, et al.,<br><br>    Defendants. | Case No. 1:19-cv-00819-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR AN EXTENTION OF TIME AS MOOT (ECF No. 8)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*, AND REQUIRING PLAINTIFF TO PAY THE FILING FEE TO PROCEED WITH THIS ACTION<br>(ECF Nos. 2, 7)<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

      Plaintiff Richard A. Evans is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on June 12, 2019. (ECF No. 1.)

      On June 18, 2019, the assigned Magistrate Judge issued Findings and Recommendations that Plaintiff's application to proceed *in forma pauperis* be denied pursuant to 28 U.S.C. § 1915(g) and that Plaintiff be required to pay the $400.00 filing fee in full in order to proceed with this action. (ECF No. 7.) The Findings and Recommendations were served on Plaintiff and contained notice that any objections thereto were to be filed within thirty (30) days after service of the findings and recommendations. (Id.)

      On June 27, 2019, Plaintiff filed a motion for an extension of time to file his objections to

1

the Findings and Recommendations. (ECF No. 9.) Nevertheless, since Plaintiff filed his objections a day later, Plaintiff's motion for an extension of time is denied as moot.

On June 28, 2019, Plaintiff timely filed objections to the Magistrate Judge's Findings and Recommendations. (ECF No. 10.) First, Plaintiff contends that Evans v. Suisun Police Dep't, Case No. 2:17-cv-01889-KJM-CMK (E.D. Cal.), cannot be counted as a strike because the case has been reopened and he has filed an amended complaint against the Suisun Police Department and the Suisun City Council. However, since United States District Judge Kimberly J. Mueller denied Plaintiff's motion to reopen Case No. 2:17-cv-01889-KJM-CMK on June 24, 2019, Case No. 2:17-cv-01889-KJM-CMK remains dismissed for failure to state a claim.[1] Therefore, the Court finds that Case No. 2:17-cv-01889-KJM-CMK counts as a strike. Consequently, Plaintiff's first objection is overruled.

Second, Plaintiff contends that Evans v. Cal. Dep't of Corr. & Rehab., Case No. 2:17-cv-01890-WBS-DB (E.D. Cal.), cannot be counted as a strike because the case is being reopened due to newly discovered evidence. However, while Plaintiff has filed a motion to reopen the case, Magistrate Judge Deborah Barnes has issued findings and recommendations recommending that Plaintiff's motion to reopen the case be denied. Those findings and recommendation remain pending before the District Judge. Therefore, since Plaintiff's motion to reopen the case has not been granted, Case No. 2:17-cv-01890-WBS-DB remains dismissed for failure to prosecute, following a screening order dismissing Plaintiff's complaint for failure to state a claim. Consequently, the Court finds that Case No. 2:17-cv-01890-WBS-DB counts as a strike, and overrules Plaintiff's second objection. See Harris v. Mangum, 863 F.3d 1133, 1142 (9th Cir. 2017) ("[W]hen we review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal rang the PLRA bells of frivolous, malicious, or failure to state a claim.") (citing El-Shaddai v. Zamora, 833 F.3d 1036, 1042 (9th Cir. 2016)) (internal quotations omitted).

---

[1] The Court takes judicial notice of Case Nos. 2:17-cv-01889-KJM-CMK (E.D. Cal.) and 2:17-cv-01890-WBS-DB (E.D. Cal.) pursuant to Federal Rule of Evidence 201(b)(2). See United States v. Black, 482 F.3d 1035, 1041 (9th Cir. 2007); Headwaters Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1051 n.3 (9th Cir. 2005); U.S. el rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992).

Third, Plaintiff argues that, due to his wrongful conviction on child molestation charges, which causes him to be seen as a sex offender by prison staff and other inmates, he is in imminent danger of serious physical injury every day of his incarceration. However, "[t]he mere status of being an incarcerated sex offender is not enough to meet the imminent danger exception of [Section] 1915." Ford v. Pierce, No. 2:17-cv-1928 DB P, 2018 WL 6809563, at *3 (E.D. Cal. Dec. 27, 2018). Further, Plaintiff's allegations that, due to his "sex offender" status, he has been subjected to prejudicial acts, outrageous conduct, multiple threats to his safety, and that his health and safety are in jeopardy every day of his incarceration are too vague and conclusory to constitute a plausible allegation that he was in imminent danger of serious physical injury at the time he filed his complaint. See Reberger v. Baker, 657 F. App'x 681, 684 (9th Cir. 2016) (stating vague, conclusory, and speculative allegations do not establish a "plausible allegation of imminent danger" sufficient to "invoke the exception to the three-strikes rule"). Therefore, Plaintiff's third objection is overruled.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including Plaintiff's objections, the Court finds that the Magistrate Judge's Findings and Recommendations are supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time to file objections to the June 18, 2019 Findings and Recommendations, (ECF No. 9), is DENIED as moot;
2. The Findings and Recommendations issued on June 18, 2019, (ECF No. 7), are adopted in full;
3. In accordance with 28 U.S.C. § 1915(g), Plaintiff's application to proceed *in forma pauperis*, (ECF No. 2), is DENIED;
4. Within **twenty-one (21) days** following the date of service of this order, Plaintiff shall pay the $400.00 filing fee in full in order to proceed with this action;
5. <u>Plaintiff is warned that if he fails to pay the filing fee within the specified time, this action will be dismissed</u>; and

6. This matter is referred back to the assigned Magistrate Judge for further proceedings consistent with this order.

IT IS SO ORDERED.

    Dated:   **August 6, 2019**                **/s/ Lawrence J. O'Neill**
                                                        UNITED STATES CHIEF DISTRICT JUDGE