# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. EVANS,<br><br>    Plaintiff,<br><br>    v.<br><br>K. SIEBEL, et al.,<br><br>    Defendants. | Case No. 1:19-cv-00819-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(ECF No. 17) |

    Plaintiff Richard A. Evans is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on June 12, 2019. (ECF No. 1.)

    On June 17, 2019, the assigned Magistrate Judge issued findings and recommendations recommending that Plaintiff's application to proceed *in forma pauperis* be denied pursuant to 28 U.S.C. § 1915(g) and that Plaintiff be required to pay the $400.00 filing fee in full in order to proceed with this action. (ECF No. 7.)

    On August 6, 2019, the undersigned issued an order adopting the findings and recommendations in full, denying Plaintiff's application to proceed *in forma pauperis*, and ordering Plaintiff to pay the $400.00 filing fee in full within twenty-one (21) days from the date of service of the order. (ECF No. 11.)

    On September 11, 2019, the undersigned dismissed this action without prejudice due to Plaintiff's failure to comply with the Court's August 6, 2019 order and failure to pay the $400.00

1

filing fee in full. (ECF No. 12.)

Currently before the Court is a letter from Plaintiff, filed on November 8, 2019. (ECF No. 17.) The Court construes Plaintiff's letter as a motion for reconsideration of the Court's August 6, 2019 order adopting the June 17, 2019 findings and recommendations and the Court's September 11, 2019 order dismissing this action.

Federal Rule of Civil Procedure 60(b)(6) permits the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances" exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotation marks and citation omitted). "A party moving for relief under Rule 60(b)(6) must demonstrate both injury and circumstances beyond [their] control[.]" Id. (internal quotation marks and citation omitted). Additionally, Local Rule 230(j) requires that, when a party makes a motion for reconsideration, the party must show "what new or different facts or circumstances are claimed to exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts and circumstances were not shown at the time of the prior motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citation omitted). Therefore, "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the [C]ourt before rendering its original decision fails to carry the moving party's burden." United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (internal quotation marks and citation omitted).

Here, Plaintiff contends that his rights were violated "when the U.S. Eastern District (Fresno) closed [this case]. Money was deducted from my trust account, and I was denied in forma pauperis, for improperly imposed strikes[.]" (ECF No. 17.) However, Plaintiff has failed to provide any evidence that any money was deducted from his trust account to pay a portion, or

all, of the filing fee in this case.  Further, Plaintiff's motion fails to present "new or different facts or circumstances … which did not exist or were not shown upon such prior motion," as required by Local Rule 230(j).  Finally, the Court's order adopting the June 18, 2019 findings and recommendations was issued following a *de novo* review of the entire case, and Plaintiff has failed to set forth any additional grounds that the Court did not consider that would entitle him to relief from the Court's judgment.  Therefore, Plaintiff's motion for reconsideration is denied.

Accordingly, Plaintiff's motion for reconsideration, (ECF No. 17), is HEREBY DENIED. This action remains closed.

IT IS SO ORDERED.

Dated:  **November 20, 2019**         /s/ Lawrence J. O'Neill
                                       UNITED STATES CHIEF DISTRICT JUDGE